**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Peter MACKBY, Defendant—Appellant.**

**No. 02–16778.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 15, 2003.

Decided June 3, 2003.*

Before: HAWKINS and W. FLETCHER, Circuit Judges, and KING,** Senior District Judge.

### MEMORANDUM ***

In 1999, the United States won a civil judgment under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3733, against Peter Mackby, the former owner and managing director of the Asher Clinic, a physi-

---

* Withdrawn and published in full at 339 F.3d 1013.

** The Honorable Samuel P. King, Senior District Judge for Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cal therapy clinic in Larkspur, California, for submitting false Medicare claims. In *United States v. Mackby,* 261 F.3d 821 (9th Cir.2001), we affirmed Mackby's liability but remanded for a determination of whether $729,454.92 in civil penalties and treble damages violated the Excessive Fines Clause of the Eighth Amendment. On remand the district court upheld the full $729,454.92 judgment, concluding that it was not grossly disproportional to the gravity of Mackby's offense. We review the question of whether a fine is constitutionally excessive de novo, *United States v. Bajakajian,* 524 U.S. 321, 337 n. 10, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998), and we affirm.

A fine violates the Excessive Fines Clause "if it is grossly disproportional to the gravity of a defendant's offense." *Id.* at 334. The essence of Mackby's offense was his use of someone else's Medicare personal identification number to procure Medicare payments for which he was not eligible. Although not dispositive, we may properly consider Congress's judgment about minimum and maximum penalties as a guide. *See Balice v. U.S. Dep't of Agric.,* 203 F.3d 684, 699 (9th Cir.2000); *United States v. Emerson,* 107 F.3d 77, 80 (1st Cir.1997). Had the government sought the minimum statutory penalty for each of the 1459 claims for which it sought damages, the fine would have been over $7 million.

If we do as Mackby urges and compare the judgment against him to the criminal penalties he would have faced had he been convicted under the criminal False Claims Act, 18 U.S.C. § 287, that comparison does not weigh in Mackby's favor. Using Mackby's own calculations, under the Sentencing Guidelines he would face not only up to a $75,000 fine, but also restitution for the full amount of the false claims and a term of imprisonment of 37–46 months. *See Bajakajian,* 524 U.S. at 338 (comparing the civil judgment to the total criminal penalty); *United States v. 3814 NW Thurman Street,* 164 F.3d 1191, 1197 (9th Cir. 1999) (same). Even under the most lenient interpretation of the Guidelines, Mackby would face some mandatory prison time.

Finally, Mackby's conduct was not harmless. The government has an interest in preserving the integrity of the Medicare system and protecting against fraud. Fraudulent claims, even when the medical services were actually performed, hinder the effective administration of Medicare. Comparing the size of Mackby's fine to the gravity of his offense, we conclude that the former is not grossly disproportional to the latter.

AFFIRMED.